IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAURI BERKMAN.<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 5:20-CV-00325 |
| | § | |
| GUILD MORTGAGE COMPANY, &<br>HUGHES, WATTERS & ASKANASE,<br>LLP<br>    Defendants. | §<br>§<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Guild Mortgage Company, a California Corporation, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### I.   INTRODUCTION

1. On March 3, 2020, Plaintiff Lauri Berkman filed Plaintiff's Application for Temporary Restraining Order (the "Complaint") in an action styled *Lauri Berkman v. Guild Mortgage Company, & Hughes, Watters & Askanase, LLP* pending in the 285th Judicial District Court of Bexar County, Texas, Cause No. 2020-CI-04381 (the "State Court Action").[1]

2. Plaintiff filed suit against Guild and Hughes, Watters & Askanase, LLP ("HWA") to stop a foreclosure sale of the property located at 171 Antrim Drive, San Antonio, Texas 78218 (the "Property"). Plaintiff seeks injunctive relief to prevent foreclosure. Plaintiff pleads no causes of action to support this requested relief.

3. Since this lawsuit was filed less than thirty days ago, this Notice of Removal is timely filed pursuant 28 U.S.C. § 1446(b).

### II.   BASIS FOR REMOVAL: DIVERSITY JURISDICTION

4. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C.

---

[1] *See* **Exhibit A-2**: Plaintiff's Complaint (cited herein as "Compl." and incorporated by reference).

§§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and the properly joined defendant, Guild, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

A.  **Complete Diversity Exists.**

5.  Plaintiff's State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

6.  Based on the allegations in the Complaint, Plaintiff lives in Texas and, therefore, is a citizen of Texas for the purposes of diversity jurisdiction.[2]

7.  Defendant Guild Mortgage Company is incorporated in California and has its principal place of business in California. Therefore, it is a citizen of California.

8.  Because Plaintiff is a citizen of Texas and the properly joined defendant, Guild, is a citizen of California, complete diversity exists.[3]

B.  **Defendant HWA was improperly joined.**

9.  Plaintiff named HWA, Guild's foreclosure counsel, as a defendant solely in an effort to defeat diversity jurisdiction in this matter. Plaintiff alleges zero causes of action against HWA. Additionally, HWA is immune from suit since all of its actions related to this matter were taken within the scope of its representation of Guild. Therefore, HWA was improperly joined, and its citizenship should be disregarded.

   i.   *Standard of review for improper joinder*

10. Diversity cases are only removable when "[none] of the parties in interest *properly joined* and served as defendants is a citizen of the State in which [the] action is

---

[2] *See Compl.* at ¶ 1.
[3] *See* 28 U.S.C. § 1332(a)(1).

brought."[4] While complete diversity is required for diversity jurisdiction, such diversity cannot be destroyed by a plaintiff improperly joining a non-diverse defendant.[5] Improper joinder may be established in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[6]

11. In the second situation, which is applicable to this case, a finding of fraudulent joinder is appropriate when "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant."[7] A "mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder."[8]

12. In deciding whether a defendant has been improperly joined, the Court should look to the allegations in Plaintiff's live pleading at the time of removal and conduct a 12(b)(6)-type analysis to determine whether Plaintiff states a claim against the non-diverse defendant.[9] Rule 12(b)(6) provides for dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10]

> ## ii. *Plaintiff alleges no cause of action against HWA to support her request for injunctive relief.*

13. A request for injunctive relief, absent a cause of action supporting entry of a

---

[4] 28 U.S.C. § 1441(b) (2006) (emphasis added); *see Cantor v. Wachovia Mortg. Corp.*, 641 F.Supp.2d 602, 606 (N.D. Tex. 2009).
[5] *See, e.g., Cuevas v. BAC Homes Loans Servicing, L.P.*, 648 F.3d 242, 249 (5th Cir. 2011); *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).
[6] *Smallwood*, 385 F.3d at 573.
[7] *Id*.
[8] *Id*. at 573 n. 9 (emphasis added).
[9] *Id*.
[10] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).

judgment, is fatally defective and does not state a claim.[11] Plaintiff has not alleged any facts giving rise to a plausible right to relief regarding HWA. Plaintiff names HWA as a defendant only and sets forth zero facts or causes of action regarding HWA. Because Plaintiff has failed to allege any cause of action against HWA to support her request for injunctive relief, Plaintiff's request for such relief fails to state a claim upon which relief may be granted and demonstrates that HWA was improperly joined.[12]

### iii. HWA is immune from suit.

14. HWA is a Texas law firm that served as counsel for Guild and has been named as a defendant is this action solely because of its representation. HWA's only involvement in this case is in its capacity as foreclosure counsel. HWA is immune from suit because HWA's actions related to the property at issue were all taken within the scope of its representation.[13] Attorneys and law firms are "qualifiedly immune" from civil liability, with respect to non-clients, for actions taken in connection with representing a client in litigation.[14]

15. Plaintiff fails to allege any action by HWA that forms the basis of Plaintiff naming HWA as a defendant in this case. "An attorney's conduct, even if frivolous or without merit . . . is not independently actionable if the conduct is part of the discharge of the lawyer's duties in representing his client."[15] For this reason alone, Plaintiff has no plausible claim for relief against HWA. Therefore, the citizenship of HWA should not be considered in determining

---

[11] *Butanaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002).
[12] *Anderson v. Citimortgage, Inc.*, No. 4:10-CV-398, 2011 WL 1113494, at *7 (E.D. Tex. Mar. 24, 2011); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-592-D, 2010 WL 2772445, at *4 (N.D. Tex. Jul. 12, 2010) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action.").
[13] *Id.*

[14] *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

[15] *Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 441 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *Bradt v. West*, 892 S.W.2d 56, 71–74 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

diversity for purposes of removal because it has been fraudulently joined.

### C. Amount in Controversy Exceeds $75,000.

16. Diversity jurisdiction is proper if "'it is facially apparent' from the plaintiffs' complaint that their 'claims are likely above [$75,000].' . . . If the value of the claims is not apparent, then the defendants 'may support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount.'"[16] Diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.[17]

17. Plaintiff seeks injunctive relief to prevent Guild from selling the Property at a foreclosure sale. The Fifth Circuit has held "in actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[18] When "a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[19] And, where the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market or appraised value of the property is the proper measure of the amount in controversy.[20] The Fifth Circuit has held "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership

---

[16] *Govea v. JPMorgan Chase Bank, N.A.*, No. CIV.A. H-10-3482, 2010 WL 5140064, at *2 (S.D. Tex. Dec. 10, 2010) (quoting *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995))).
[17] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).
[18] *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).
[19] *McDonald v. Deutsche Bank Nat'l Trust Co., as Trustee*, No. 3:11-cv-2691, 2011 WL 6396628, at *2 (N.D. Tex. Dec. 20, 2011) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) ("In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation.").
[20] *Martinez v. BAC Home Loans Servicing, L.P.*, No. SA-09-CA-951, 2010 WL 6511713, at *7 (W.D. Tex. Sep. 24, 2010).

interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."[21]

18.     The purpose of Plaintiff's Complaint is to prevent Defendant from foreclosing. Therefore, the appraised value of the Property is the proper measure of the amount in controversy. The Property is valued at $123,783 according to the Bexar County Appraisal District.[22] Therefore, based on the value of the relief sought by Plaintiff in the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs.

### III.    VENUE

19.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) and 28 U.S.C. § 124(b)(2) because this district and division embrace the 285th Judicial District Court of Bexar County, Texas, the forum in which the State Court Action was pending.

### IV.    ADDITIONAL REQUIREMENTS

20.     Pursuant to 28 U.S.C. § 1446(a), this notice of removal is accompanied by copies of the following:

| | |
|---|---|
| **Exhibit A:** | Index of all documents that clearly identifies each document and indicates the date the document was filed in state court; |
| **Exhibit A-1** | Case information summary; |
| **Exhibit A-2 - 4:** | All documents filed in the State Court Action; |
| **Exhibit B:** | List of counsel; |
| **Exhibit C:** | Bexar County Appraisal District 2019 Notice of Appraised Value. |

21.     Written Notice of Removal will be provided to Plaintiff and filed with the District

---

[21] *Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-cv-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (holding the amount in controversy is equal to the value of the property when plaintiff was seeking a declaration that defendant was barred from foreclosing on its interest the property); *see also Hayward v. Chase Home Finance, LLC*, 2011 WL 2881298, *4-5 (N.D. Tex. July 18, 2011).

[22] *See* **Exhibit C**: Bexar County Appraisal District 2019 Notice of Appraised Value. It is appropriate for the court to take judicial notice of the appraised value of the property because it is a matter of public record and the information is capable of accurate and ready determination by resorting to sources whose accuracy cannot reasonably be questioned. *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

Clerk of Bexar County, Texas.

22.   Therefore, Defendant gives notice that the above-referenced action now pending against it in the 285th Judicial District Court of Bexar County, Texas has been removed to this Court.

        Respectfully submitted,

        By:  */s/ Valerie Henderson*
        **Valerie Henderson**
        Texas Bar No. 24078655
        **BAKER, DONELSON, BEARMAN,**
        **CALDWELL & BERKOWITZ, P.C.**
        1301 McKinney Street, Suite 3700
        Houston, Texas 77010
        (713) 650-9700 – Telephone
        (713) 650-9701 – Facsimile
        vhenderson@bakerdonelson.com

        **ATTORNEY FOR DEFENDANT**
        **GUILD MORTGAGE COMPANY**

## CERTIFICATE AND NOTICE OF FILING

I certify that on March 16, 2020 the Notice of Removal was sent to the District Clerk of Bexar County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the Plaintiff.

        */s/ Valerie Henderson*
        Valerie Henderson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served upon counsel of record via e-filing and first-class mail pursuant to the Federal Rules of Civil Procedure on March 16, 2020:

Victor M. Maas
3201 Cherry Ridge St., Ste. C 300
San Antonio, Texas 78230
victor@maaslawfirm.com
Attorney for Plaintiff

        */s/ Valerie Henderson*
        Valerie Henderson